UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA SNIDER,

        Plaintiff,                         Case No. 22-cv-12789

v.                                                 Hon. Nancy G. Edmunds

WILLIAMS, et al.,

        Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT WITH PREJUDICE

Plaintiff Joshua Snider, a pretrial detainee presently confined at the Washtenaw County Jail, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff asserts that defendants, Washtenaw County Jail officials, violated his constitutional rights by intentionally imposing frequent lockdowns from August 2022 through October 2022, which prevented Plaintiff from showering and accessing the law library on two occasions. Plaintiff sues defendants in their official and individual capacities and seeks compensatory damages for his claims. Having reviewed Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also concludes that an appeal from this decision cannot be taken in good faith.

### I.  Background

Plaintiff states that he arrived at Washtenaw County Jail on August 18, 2022. ECF No. 1, PageID.4. Plaintiff suffers from several mental health disorders, including attention deficit - hyperactivity disorder (ADHD), post-traumatic stress disorder (PTSD)

and bipolar disorder. *Id*. Plaintiff alleges that during the months of August, September, and October 2022, his unit was frequently on lockdown due to a staffing shortage. *Id*. However, he claims that other units were still operating. *Id*. Plaintiff asserts that he went "two days without showers and without law library." *Id*. at PageID.5. Plaintiff also avers that the lockdowns negatively impacted his mental health causing an increased dosage of his psychiatric medication. *Id*. at PageID.6.

Plaintiff alleges that defendants Lieutenant Williams, Sergeant Dea, Captain Clifton, and Jerry Clayton violated his Eighth and Fourteenth Amendment rights. He further alleges that the violations were purposeful. *Id*. at PageID.7. Plaintiff wrote multiple kites requesting permission to access the showers and the law library. *Id*. at PageID.8-9. In response to his kite dated November 4, 2022, Defendant Dea informed Plaintiff that the jail was aware of his requests and that the jail was currently up and running. *Id*. at PageID.8. Plaintiff submitted a duplicate kite on November 6, 2022. Plaintiff signed and dated his complaint on November 10, 2022.

## II. Legal Standard

Plaintiff is proceeding *in forma pauperis*. (ECF No. 5.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be

2

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v.*

3

*Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### III. Discussion

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.

A. <u>Eighth and Fourteenth Amendment Claims</u>

Plaintiff's complaint alleges violations of the Eighth and Fourteenth Amendments. "[T]he Eighth Amendment applies only to those individuals who have been tried, convicted, and sentenced." *Richko v. Wayne Cty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). Pretrial detainees like Plaintiff are protected by the Fourteenth Amendment's Due Process Clause. "[U]nder the Fourteenth Amendment, pretrial detainees are 'entitled to the same Eighth Amendment rights as other inmates.' " *Id.* (quoting *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994)).

To state a claim for cruel and unusual punishment, a plaintiff must satisfy an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1970). To satisfy the objective component, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.' " *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). That is, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id*.; *see also Miller v. Calhoun Cnty*., 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to establish that the official acted with the requisite intent; that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302-03 (1991).

4

Thus, "the prison official must know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id*. at 837-38.

The Sixth Circuit has concluded that long periods of confinement or lockdown do not automatically result in an Eighth Amendment violation. *Argue v. Hofmeyer*, 80 Fed App'x 427, 429 (6th Cir. 2003) ("Argue's confinement to his cell for twenty-three hours per day, Monday through Friday, does not rise to the level of a constitutional magnitude, because the confinement does not impose an atypical and significant hardship."). However, while an extended lockdown policy may not, in and of itself, automatically establish a violation of a prisoner's Eighth Amendment rights, the deprivations which occur as a result of such a policy may. *See Francis v. Altiere*, 491 Fed App'x 539, 543 (6th Cir. 2012) ("[W]hile it is appropriate to consider asserted deprivations individually and in combination, the court should also consider the interrelationship between the severe conditions and their duration, coupled with any other relevant evidence in the record.").

Here, Plaintiff has failed to establish that the frequent jail lockdowns amounted to a constitutional deprivation. First, Plaintiff alleges that he went two days without access to the showers. The Sixth Circuit has held that "deprivation of a shower and other personal hygiene items for a 'brief span of time . . , i.e., only six days' is not actionable conduct." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011). Because Plaintiff was only denied shower access for two days, he has failed to show that the conditions in the jail rose to a level of constitutional magnitude.

Second, Plaintiff alleges that the lockdowns have negatively impacted his mental health. However, he has not stated how his mental health has been substantially

5

harmed. Indeed, Plaintiff is still receiving proper mental health treatment and his medication dosage has been properly adjusted in light of the lockdowns. *See* ECF No. 1, PageID.6. For this reason, Plaintiff has not shown that his conditions of confinement pose a substantial risk of serious harm.

Accordingly, Plaintiff's claims under the Eighth and Fourteenth Amendments must fail.

B. Denial of Access to the Courts

Plaintiff further alleges that he has been denied access to the law library for a two-day period. To the extent that Plaintiff is alleging a First Amendment denial of access to the courts claim, Plaintiff has not alleged sufficient facts to state such a claim. Prisoner inmates have a First Amendment right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). To state on a denial of access to the courts claim, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Examples of actual prejudice include having a non-frivolous case dismissed, being unable to file a non-frivolous complaint, and missing a court-imposed deadline. *Id*. at 353; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Moreover, there is no general constitutional right to some minimum amount of time in the prison law library. *Skelton v. Pri–Cor, Inc.*, 963 F.2d 100 (6th Cir.1991), cert. denied, 503 U.S. 989, 112 S.Ct. 1682, 118 L.Ed.2d 398 (1992).

Here, Plaintiff has not shown that he has suffered an actual injury or prejudice because of his limited access to the law library. It is clear from the complaint that Plaintiff was able to perform some legal research to support his allegations in this case

6

and then commence this action within approximately four days after submitting his last kite on November 6, 2022. Moreover, Plaintiff' does not allege that his two days without library access has affected any other cases or appeals. Because Plaintiff was not actually injured or otherwise prejudiced by his limited use of the library, he fails to state a plausible First Amendment claim regarding his right of access to the courts.

IV. Conclusion

For the reasons stated, the Court concludes that Plaintiff's complaint must be summarily dismissed based upon failure to state a claim. Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint. The Court further concludes that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed. No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
_____
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2023